ARTHUR E. McCABE, NORMAN E. TITUS, and HELEN A. TITUS, Appellants, v. BARNEY PECK, GORDON R. GRAVES, HAROLD T. GRAVES, and ROBERT B. STRINGFELLOW, Respondents.— Plaintiff McCabe was the owner of a seat on the New York Stock Exchange which he held in the name of others, for the apparent reason that his former firm was in liquidation. Plaintiffs Titus had what was called a "beneficial interest" in the seat, having advanced the money to pay for it originally. On August 20, 1934, this seat was sold to defendant Peck. He did not have the cash to pay for the seat, so it was agreed that the purchase price in form should be advanced by McCabe and the Tituses in certain proportions. In view of the non-payment of cash, the Exchange required a contract providing that "lenders" should subordinate their claims to the payment in full of all claims against Peck, or any partnership of which he was a member, arising out of business transacted by him or such partnership while he was a member of the Exchange; and that no suit should be brought by the lenders to recover any part of the sum loaned, but they must depend upon voluntary payments of principal and interest. The plaintiffs claimed that there was a collateral oral agreement that McCabe was to become a partner of Peck and that the seat was to be sold by Peck at any time that the Tituses demanded a sale, with any profits to be divided in agreed upon proportions. Peck, admitting that there was an agreement on a partnership with McCabe, which the latter was never willing to consummate, denied that there was any agreement to sell the seat or that he was to

hold it " in trust." This presented a question of fact. McCabe testified to the agreement; Peck denied it. The Tituses were not called as witnesses. The court found that there was no such agreement; and the finding is supported by the evidence. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis and Taylor, JJ.; Johnston, J., not voting.